```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA

                    Alexandria Division


PETER KALOS, et al.,          )
                              )
    Plaintiffs,               )
                              )
         v.                   )   1:09cv833(JCC)
                              )
LAW OFFICES OF EUGENE         )
A. SEIDEL, P.A., et al.,      )
                              )
    Defendants.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiffs Peter and Veron Lee Kalos's ("Plaintiffs'") Motion for Relief from Judgment, Motion for Leave to Amend, and second Motion for Leave to Amend. Also before the Court is Motion to Continue Hearing Date filed by Defendant Law Offices of Eugene A. Seidel, P.A ("Seidel"). For the following reasons, the Court will deny all of Plaintiffs' motions and deny Defendant Seidel's motion as moot.

**I. Background**

This case arises out of a foreclosure sale of a commercial property located in Manassas, Virginia, which was previously owned by Plaintiffs Peter and Veron Lee Kalos ("Plaintiffs").

On August 26, 2009, Plaintiffs filed an amended

1

complaint ("Amended Complaint") against Defendants Seidel, Draper & Goldberg, PLLC ("Draper"), Virginia Commerce Bank ("VCB"), Wisenbaker Holdings, LLC ("Wisenbaker"), and Daniel H. Borinsky ("Borinsky") requesting, among other things, that this Court invalidate the May 16, 2006 foreclosure sale of the Manassas Property. The Amended Complaint contains the following causes of action: (1) emergency and preliminary injunction; (2) removal of invalid appointment by Draper; (3) removal of invalid trustee's deed; (4) unlawful withholding of Plaintiffs' property by Seidel; (5) unlawful withholding of Plaintiffs' property by Wisenbaker; (6) unlawful withholding of Plaintiffs' property by VCB; (7) unlawful withholding of Plaintiffs' property by Draper; and (8) judgment for possession. Plaintiffs ask the Court to (1) "enjoin any further transfer of [the] Manassas Property"; (2) "render judgment against the Defendants"; (3) "remove clouds placed on the title of the Manassas Property"; (4) "grant judgment returning possession of the Manassas Property to [] Plaintiffs"; and (5) "award Plaintiffs their damages and costs for the unlawful withholding of their Manassas Property since December 16, 2006." (Am. Compl. 26-27.)

In response, Defendants Draper, Seidel, VCB, and Borinsky separately filed Motions to Dismiss Plaintiffs' Amended Complaint for, among other things, lack of subject matter jurisdiction. All of Defendants' motions included proper notice

pursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  On October 26, 2009, the Court granted Defendants' motions and dismissed Plaintiffs' Amended Complaint based on lack of subject matter jurisdiction. [Dkt. 67.]

On November 5, 2009, Plaintiffs filed their Motion for Relief from Judgment and Motion for Leave to Amend attaching the Second Amended Complaint as an exhibit pursuant to the Federal Rules of Civil Procedure 59, 60, or 15.  On November 16, 2009, Defendants VCB and Seidel each filed an opposition to Plaintiffs' November 5, 2009 motions.  Plaintiffs filed their reply to Defendants VCB and Seidel's oppositions on November 24, 2009.  On November 18, 2009, Plaintiffs filed the second Motion for Leave to Amend attaching the Third Amended and Supplemental Complaint as an exhibit.[1]  On November 30, 2009, Defendant Borinsky filed an opposition to Plaintiffs' Motion for Relief from Judgment and both Motions for Leave to Amend.  Defendants Seidel and Draper each filed their opposition to Plaintiffs' second Motion for Leave to Amend on December 2, 2009 and December 3, 2009, respectively.  The hearing for Plaintiffs' Motion for Relief from Judgment, Motion for Leave to Amend, and the second Motion for Leave to Amend is scheduled for December 4, 2009.  These Motions

---

[1] The Court will treat Plaintiffs' first Motion for Leave to Amend attaching the Second Amended Complaint as having been superceded by Plaintiffs' second Motion for Leave to Amend attaching the Third and Supplemental Amended Complaint.

3

are before the Court.

## II. Standard of Review

### A. Motion for Relief from Judgment

The Fourth Circuit has made it clear that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (quoting *Collison v. International Chemical Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rather, the purpose of Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.' " *Id*. (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

### B. Motion for Leave to Amend

A party may amend its complaint after a responsive pleading has been served "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15 of the Federal Rules of Civil Procedure directs that "leave shall be freely given when justice so requires." *Id*. The liberality of the rule "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). Therefore, "leave to amend a pleading should be denied 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). A post-judgment motion to amend is evaluated under the same standard as if it were filed before judgment; however, a grant of a post-judgment Rule 15(a) motion can only be granted in concurrence with a Rule 59(e) or 60(b) motion. *Laber*, 438 F.3d at 427.

## III. Analysis

### A. Motion for Relief from Judgment

Plaintiffs request the Court to grant their Motion for

5

Relief from Judgment based on the fact that "new information was supplied [to Plaintiffs] in the September 24, 2009 affidavit by the Interested Party Trustee, that he knew nothing about Plaintiffs' indemnity deed of trust and his name is on it without his knowledge or permission."  (Pls.' Mot. for Relief from J. 1.)  Plaintiffs submit that they file their Motion for Relief from Judgment relying on either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.  (Pls.' Mot. for Relief from J. 1.)  Whether Plaintiffs' motion is governed by Rule 59(e) or Rule 60(b) is dictated by the timing of their motion's filing.  *Harrison v. Watts*, 609 F.Supp.2d 561, 569 (E.D. Va. 2009).  Plaintiffs successfully filed their Motion for Relief from Judgment no later than 28 days after this Court has entered its judgment on October 26, 2009.  [Dkt. 73.]  Based on this fact, the Court will treat Plaintiffs' Motion for Relief from Judgment as a Rule 59(e) motion to alter or amend a judgment.  *See Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

There "are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice" under Rule 59(e).  *Pacific Ins. Co.*, 148 F.3d at 403.

The Court finds that there has been no change in controlling law since the Court dismissed Plaintiffs' Amended Complaint for lack of subject matter jurisdiction.  Next, the Court finds that this "new information" Plaintiffs learned from the September 24, 2009 affidavit was available to Plaintiffs well before this Court's dismissal of their action on October 26, 2009.  Moreover, Plaintiffs simply failed to "produce a legitimate justification for not presenting the [new] evidence during the earlier proceeding."  *Id.* (internal citations and quotations omitted).  It is clear that this "new information" does not change the Court's initial analysis regarding its lack of subject matter jurisdiction over Plaintiffs' claims in the Amended Complaint.  The Court properly considered Plaintiffs' arguments regarding their jurisdictional basis when they were first before it, and does not believe that it misunderstood or misapplied the doctrine of federal subject matter jurisdiction.  The Court's decision regarding its lack of subject matter jurisdiction based on the inapplicability of the Miller Act was not in clear error or constituted a manifested injustice.  Thus, Plaintiffs' Motion for Relief from Judgment will be denied.

  B.  <u>Motion for Leave to Amend</u>

  Plaintiffs' Motions for Leave to Amend the Amended Complaint can be denied only if Plaintiffs acted in bad faith, the amendment would prejudice the Defendants, or the amendment

would be futile.  *Laber*, 438 F.3d at 426.  Plaintiffs did not act in bad faith in filing their Motions for Leave to Amend or in failing to include the amended allegations in the Amended Complaint.  Because the trial date is not yet set and no discovery has been taken, the Court finds that allowing leave to amend the Amended Complaint would not be unduly prejudicial to Defendants.  Therefore, the only remaining question in this matter is whether allowing the amendment would be futile.  If the proposed amendment is futile, the Court must deny Plaintiffs' Motion for Leave to Amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson*, 785 F.2d at 509.

  The Court finds that granting leave to amend would be futile for the following reasons.  Plaintiffs argue that their second Motion for Leave to Amend should be granted because this Court's October 26, 2009 Memorandum Opinion included factual inaccuracies and Plaintiffs discovered new evidence based on the September 24, 2009 affidavit of Defendant Borinsky.  (Pls.' Second Mot. for Leave to Amend 1-2.)  Plaintiffs, however, failed to expound in their Second Motions for Leave to Amend how this newly found evidence provides a basis for their new theory of jurisdiction in their Third Amended Complaint. (Pls.' Third Compl. ¶¶ 20-22.)

  In the Third Amended Complaint, which includes over 400 paragraphs and 99 exhibits totaling over 600 pages, it appears

that Plaintiffs now attempt to assert diversity jurisdiction or federal question jurisdiction under "the Fair Debt Collection Act."[2]  (Pls.' Third Compl. ¶¶ 20-21.)  Plaintiffs' proposed Third Amended Complaint renames the original defendants in the Amended Complaint and adds Atlantic Law Group, LLC as an additional defendant.  Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  In this case, the Third Amended Complaint as proposed does not sufficiently allege facts to establish complete diversity of citizenship between Plaintiffs and all Defendants.  *See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998).  Thus, the citizenship requirements of § 1332 is not satisfied and this Court will not be able to exercise diversity jurisdiction over the claims in the Third Amended Complaint.

Plaintiffs additionally allege that this Court has federal question jurisdiction under the FDCPA and has supplemental jurisdiction, presumably under 28 U.S.C. § 1367, over the rest of the claims against the rest of Defendants in their proposed Third Amended Complaint.  (Compl. ¶¶ 21-22.)

---

[2] As there is no federal statute titled "the Fair debt Collection Act" as cited by Plaintiffs, the Court presumes that Plaintiffs meant to assert "the Fair Debt Collection Practices Act" ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

9

However, the Court finds that the proposed amendment to the Amended Complaint, as stated in the Third Amended Complaint, would not have any effect on this Court's previous judgment of dismissal. In fact, the Third Amended Complaint is much too prolix and unintelligible for this Court to even discern Plaintiffs' theory of recovery much less their basis for jurisdiction. The mere mention of a federal statute, the FDCPA or the Miller act, does not create federal question jurisdiction that simply does not exist. Thus, the Court finds Plaintiffs' attempt to assert federal question jurisdiction based on the same set of factual background from the Amended Complaint disingenuous and unavailing.

Based on the Court's review, it appears that the proposed amendment does not sufficiently state how the FDCPA applies to the transactions at issue, which sections of the FDCPA Defendant Draper has violated, and how and when Defendant Draper violated the FDCPA. Plaintiffs' Third Amended Complaint does not sufficiently allege any conduct on the part of Defendant Draper that concerns unlawful debt collection practices. Because Plaintiffs' proposed amendment does not sufficiently state a claim for which relief may be granted, and the FDCPA claim was Plaintiffs' only basis for federal question jurisdiction, the Court finds that granting leave to amend the Amended Complaint is inappropriate.

In sum, even though Plaintiffs' Motions for Leave to Amend were not done in bad faith, and granting leave to amend the Amended Complaint would not be prejudicial to Defendants, it would however be futile for the reasons stated above.  Therefore, the Court will deny Plaintiffs' Motions for Leave to Amend.

### C.  Motion to Continue

On November 25, 2009, Defendant Seidel filed his Motion to Continue Hearing Date from December 4, 2009 to December 11, 2009 based on his counsel's unavailability.  Plaintiffs opposed this Motion on November 30, 2009 and Defendant Seidel replied to Plaintiffs' opposition on December 2, 2009.  The Court finds it unnecessary to hold a hearing based on the evidence before it and will deny Defendant Seidel's Motion to Continue Hearing Date as moot.

### **IV.  Conclusion**

For the foregoing reasons, the Court will deny Plaintiffs' Motion for Relief from Judgment, Motion for Leave to Amend and the Second Motion for Leave to Amend.  The Court will also deny Defendant Seidel's Motion to Continue Hearing Date as moot.

An appropriate Order will issue.

December 3, 2009                              /s/
Alexandria, Virginia                  James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE